The next case call for oral argument of people versus Davis May it please the court Whitney Atkins for the state of Illinois So the defendant here was charged with murder and that on December 30th, 2013, he shot Alan Templeton in the back of his head, causing his death. Prior to being indicted, he was interviewed by the police on three separate occasions, three separate interviews. He subsequently filed a motion to suppress the statements made in those interviews, which was granted by the trial court after a hearing, and the trial court denied the state's motion to reconsider that judgment. The trial court's grounds for granting that suppression was that the interviews contained no admissions. Now, first, what is an admission? Any and every relevant statement made by an accused person can be used against them as an admission. The statement does not need to be obviously incriminating or inculpatory. And the defendant agrees with this definition. So when you apply certain statements that the defendant made to this definition of admission, the only reasonable finding that can be made is that he made certain admissions. This is the only reasonable conclusion that you can come to. So in the third interview is where the defendant made some of the more incriminating statements. So let's look at that interview. Let's look at some of the statements he made. He states, quote, I didn't know the shit was going to happen. I was scared. I left that day. I didn't know the shit was going to happen, sir. Dude did what he did, end quote. He states, quote, I kept my mouth closed for him. And y'all come get me like I did something wrong, end quote. He states, quote, he's no snitch. He also says, quote, Denise wasn't even there. She went to get us some food and came back, quote. He states that he doesn't want to tell on his best friend. He says that if he tells who did it, he's going to get locked up anyway. So essentially these statements substantiate knowledge. They substantiate presence. These are fundamental facts that the state has to prove in a murder charge. These statements incriminate another person. They establish who else was there. Furthermore, from these statements, you know, one could infer that he was involved and the jury is entitled to make that inference. The jury is entitled to be presented with this evidence. But, you know, these aren't nebulous, ambiguous statements. They establish issues and facts that are vital to the state's presentation of the case. Now, turning to the second interrogation. The defendant admits to shooting off a gun on New Year's Eve at his home. New Year's Eve would be the day after the shooting, the murder of Allen Templeton. The state intends to present evidence that shell casings found at the defendant's home and match shell casings found at the crime scene. Let me ask you about that, Ms. Adkins. We have in the record assertions from the state that it has evidence tying shell casings to the defendant's home to the shell casings at the crime scene. But we don't have any sworn testimony or other proof on those shell casings. If the state thought that the defendant's statements about firing the gun were relevant, why was there no sworn testimony at the hearing on the motion to suppress about that? You know, I think that, I can only imagine, and I'm thinking that the state's attorney thought that she had presented enough evidence. She did have a detective that, you know, alluded to the shell casings being at the home match in the crime scene. Like you're saying, though, she didn't have the expert witness there. She did not present that expert witness, but she's a sworn officer of the court, and it was her word that she intended to have that evidence presented. And I think that she felt that that was enough. I think she felt that it was subsequent. It wasn't challenged by the trial court. You know, the trial court didn't say that this is speculative and that you don't have sufficient proof of what you intend to present. The trial attorney, defense attorney, didn't attack the support. I think she thought that her, between this investigator giving testimony of the connection and her statement, I believe that she thought that that was enough. And if that's what it falls on, then the court should be allowed to, or the state should be allowed to present testimony that they do intend to present that evidence. If it's a matter of not enough proof, they should be allowed an opportunity to offer that proof. But that was not mentioned by the trial court, any lack of proof. But he granted that motion, didn't he? Yes, he did, but he made no mention, again, of lack of support. I mean, he asked questions throughout the hearings, and he didn't express that there was a sufficiency of the evidence issued. Okay, on the issue of the shell cases, wasn't there evidence that other people fired a gun? Not that I'm aware of. There was, no, I'm not aware of any evidence of that. And further, when it comes to substantiating relevance, it would have been helpful had the state presented that sworn testimony, but it's not as though it was requisite. It's not as though she didn't meet her burden of proof. The state is not aware of any authority that a party has to substantiate relevance with an offer of proof. There just is no principle requiring that. The state does carry the burden. The state carries the burden to show it's relevant. But that doesn't mean that it must make an offer of this formal offer of proof of exactly how it fits. It doesn't have to make such a formal offer of proof. It's not required that it make this offer of proof to prove irrelevance. The way in which she proved relevance, having the investigators testify, I would submit to you that that was sufficient. So, in regards to the defendant's argument that her third interrogation must be suppressed, he was read his Miranda rights. He initiated contact. He spouted off statements without being prompted. In light of all these circumstances, there's no reason to find that he didn't understand his Miranda. He didn't waive his Miranda rights. These statements provide, statements he made to provide a motive, knowledge, presence, opportunity. And for those reasons, we would ask that the court would reverse the child court's granting of the defendant's motion to eliminate. Thank you. Thank you, counsel. May I please the court? Counsel? My name is Elizabeth Pratty and I represent Mr. Henry Davis in this matter. The police interrogated Mr. Davis three times in connection with this case. The first interrogation tape, the state claimed its right to seek admission of that tape in its case in chief. Judge Hader's ruling deals with the second two interrogation tapes and he also excluded those tapes from use in the state's case in chief. Subject to this court's questions, I would like to briefly address the waiver issue and the standard of review in this case before turning to the substantive arguments relating to the second and third interrogations. First, the state, the trial court asked the state to clarify which, if any, statements it sought to use from the first interrogation. The state then explicitly told the court the only reason that it would use those tapes would be possibly for rebuttal if the defendant testified to some matter inconsistent with that tape. It then, in its reply brief, the state then acknowledged the waiver again and I would ask the court to hold the state to its affirmative waiver of its right to seek admission of those statements. Next, turning to the standard of review, the state has mentioned that the definition of admission, that term, is relevant to this case. That definition is only relevant in that the word admission appears in the trial court's ruling. The ruling itself is based on relevance, though. It's an evidentiary ruling. And for that reason, it should be reviewed for abuse of discretion. Now, the state asks that you consider the trial court ruling to represent a misunderstanding of the law based solely on the use of the word admission. Yet, the trial court ruling is picking up on defense counsel's argument. Defense counsel asserted, there are no forms of admissions. There's nothing here that I believe adds any probative value to the state's case. So he's using the term admission as a shorthand for a relevant statement of the accused. Let me ask you a question.  And just on the issue of the third interview, anything that was spontaneously uttered by the defendant, if it were relevant, do you agree that that is admissible? No, Your Honor. And why? The state doesn't dispute that Mr. Davis invoked his right to counsel at the end of the second interrogation. After a series of statements saying, I don't want to talk to you anymore, he then says explicitly, I want to call my mother so that she can get me a lawyer. The officers understood that as an invocation of counsel, the interview ended. About 13 hours later, so the next afternoon at 1.30, they bring him back to the interrogation room. The first person who made contact with Mr. Davis did not testify and is not identified. So even if all of the officer's testimony is credible, we don't know what transpired at that time. But more importantly, what we have here is a failure of the state to show that, first, that Mr. Davis actually seeked to reopen a generalized discussion of the case. And second, they did not show that he knowingly and voluntarily waived his right to counsel. First, he tells the police, they attempt to put into the record that Mr. Davis asked to talk to him. His response was to shake his head no, but then to say, I did, I just said, I want to see Denise first. He goes on to say, y'all can do it. I've seen it on TV. Y'all can do it. He didn't evidence a desire to open generalized discussions of the case. He evidenced a desire to speak with Denise. That's it. And further, there's no evidence that he was ever given an opportunity to speak with a lawyer, to call his mother, to call anyone to arrange an attorney. Next, his statements on the tape show that he did not intentionally, knowingly, or voluntarily waive his right to counsel. He tells the police, you know, they keep going on and on. They say, we need you to sign this waiver form before we can talk to you. And yet the conversation continues. And he says at some point in the video, about 30 minutes in, he says, I just know that after that sheet goes down, everything I say can be used against me in a court of law. That shows us that he did not, he understood the waiver form to be synonymous with the waiver itself. So he did not knowingly and voluntarily waive his right to counsel. Further, if I can address your question more directly. These weren't spontaneous statements. He's in an interrogation with two officers, one of whom he spoke with the day before. And throughout his statements, he's crying, he's emotionally distraught. And the police say things to him such as, they tell him Denise is in custody. They say, we can't bring her in now, but when we're done talking, I'll see what I can do. They say things like, you know, you looking out for yourself isn't snitching. They go on to say at about 10 minutes into the video, they say, Mr. Davis says, you know, me and Denise had nothing to do with this. And they respond, well, then tell us about it. So these statements aren't absent influence from the police trying to engage in dialogue. Turning back to this, I'll move on to the second interrogation. What about the shell casings? What about my question about other people shooting the gun? I believe that was referenced in your brief. First, first about the other people shooting the gun. The statements themselves talk about Henry Davis and his friends shooting guns on New Year's. It doesn't specify New Year's Eve or New Year's Day in celebration of the holiday. So there's a discussion about, he says, these aren't my guns. There are other people there. So it's unclear who specifically shot the guns. But yes, I would say from that interrogation, it's clear that it was not simply Mr. Davis alone outside his house shooting guns. The second thing is I would strongly disagree with the state's assertion that evidence about these shell casings would merely be helpful. It is a requisite requirement that the state make an offer of proof or show relevance prior to admitting evidence. Now, as I said before, this is an evidentiary ruling. So when there's an evidentiary ruling, the state can seek to reopen proofs and ask the trial court to make a different ruling. But that's an issue for the trial court, and it's at his discretion. Here, the state did not provide evidence about either gun, whether they were the same gun, what type of gun, what type of shell casings were found, specifically where they were found. All of those things would be not merely helpful, but required to show relevance. And as this court held and people bewayed, in order to introduce evidence about a gun, not merely the gun itself, but any testimony about a gun, you have to connect the defendant to the gun and the gun to the crime. It has to be shown to be suitable for commission of that crime, and that wasn't done here. And it would be inappropriate to excuse that failure on the state's behalf. It's not enough to allude to evidence. It's not enough to provide conclusory statements about the evidence. And to the state's assertion that there's no such authority, it is not, it is incumbent on the state to provide a clear proffer. And it is not sufficient simply to say this is relevant. I don't know if I could have just a moment. In People v. Stevens, the fourth district indicated that an offer of proof must not be mere summary or speculation, but it must identify the evidence with particularity. That did not happen here. It did not happen with reference to the second interrogation, and it did not happen with reference to the third interrogation. And both interrogations, without showing relevance, would be introduced merely for prejudice. The police repeatedly, in the second interrogation, repeat their unfounded theory of the case, suggest that Mr. Davis is cold-blooded, that he doesn't care. This clearly portrays him in an unfair light. The third video, he's emotionally distraught throughout the video, he's crying, he's asking to see his girlfriend. There's nothing of relevance here. And further, it would simply be introduced to show him in an emotional state under interrogation from the police. And for these reasons, we would ask the court to uphold Judge Chavis' ruling. Thank you, counsel. Counsel? In response to a few things the defendant has touched on, the state has no choice but to concede that at the hearing on the motion in limine, that the state did state that it did not intend to admit the first interrogation in its case in chief. However, as I have mentioned in my brief, that's a binding on the parties and not on the court. In that first interview, the defendant admitted to having dealt marijuana to the victim for the past year. He also denied knowing anything about the murder that they investigated. The state's theory of the case is that the murder was over, a marijuana deal gone awry, and that initial denial of knowledge is consciousness of guilt. So there are omissions there. And if this court does find that there are omissions there, we would ask that you would reverse the judgment notwithstanding the state's waiver. Because again, that is binding on, waivers are binding on the parties and they're not binding on the court. The defendant says that in regards to the supposed lack of Miranda waiver, that we don't know what truly transpired, but that is not an accurate representation of the record. The state presented the sworn testimony of an investigator that the defendant asked to speak to investigators. And he himself personally asked the defendant, do you want to speak with us? Do you want to speak with an investigator? And the defendant said yes. So it's about as clear as it can be that the defendant initiated contact, explicitly asked to talk with investigators, and that was well represented at the hearing. Again, as to the second interrogation, I just want to reiterate that the state did show relevance. The state's attorney is a sworn officer of the court, and her statement regarding what testimony she intended to present, I submit to you that that conjoined with the interrogator that connected the shell casings with the defendant's home were sufficient. But there are admissions beyond that. There are admissions of knowledge and presence, motive, in the first and second interrogation. So, in light of those points, we ask that this court reverse the judgment granting the defendant's motion in limine. Thank you. We appreciate the briefs and arguments of counsel to take the case under advisement. Court will be in a short recess and then resume oral argument.